IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| BRENT BROWN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>GOV. BRIAN SCHWEITZER, et al.,<br><br>　　　　Defendants. | Cause No. CV 09-00029-H-DWM-RKS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pending is Plaintiff Brent Brown's civil rights Complaint. (Court Doc. 1). Plaintiff has paid the filing fee but since he is a prisoner seeking redress from governmental entities, officers, and employees, his claims are subject to screening pursuant to 28 U.S.C. § 1915A.

On November 9, 2009, the Court conducted an initial prescreen of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. Plaintiff filed an Amended Complaint on December 23, 2009. (Court Doc. 6). The Court will now complete the prescreening process.

I.  STATEMENT OF THE CASE

    A.    Jurisdiction

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 seeking to recover for alleged failure to provide medical care while incarcerated at the Montana State Prison.  The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

    B.    Parties

Plaintiff is a state prisoner incarcerated at the Montana State Prison in Deer Lodge, Montana.

In his original Complaint Plaintiff named:  Governor Brian Schweitzer, Montana Department of Corrections, Mike Ferriter, Ted Ward, Myrna Ohmolt-Mason, Laura Janes, Norma Jean Boles, Sherri Townsend, Liz Rantz, Montana State Prison, Mike Mahoney, Dr. Kohut, and John and Jane Does 1-20.

In his Amended Complaint Plaintiff named only Dr. Kohut and four John Does.

As Plaintiff was informed in the Court's prior Order, an amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963

F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990); Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, Defendants Governor Brian Schweitzer, Montana Department of Corrections, Mike Ferriter, Ted Ward, Myrna Ohmolt-Mason, Laura Janes, Norma Jean Boles, Sherri Townsend, Liz Rantz, Montana State Prison, Mike Mahoney, and John and Jane Does 5-20 will be recommended for dismissal.

    C.    Factual Background

In his Amended Complaint Plaintiff alleges he is diabetic and for almost ten years he has been forced to take his insulin only two times a day, instead of smaller doses three to four times a day, which would almost surely eliminate his insulin reactions when coupled with consistent dietary supplements. He contends, as a result, he suffers ongoing insulin reactions. He states on October 25, 2008 he had an insulin reaction on his upstairs housing unit and fell down the stairs, unconscious and shattered his knee cap. He alleges Dr. Kohut did not heed Plaintiff's description of his pain as a "10" on the pain scale and "recharacterized Plaintiff's agony as a 'sore knee.'" (Court Doc. 6-1, p.

1).  On October 31, 2008, eleven days after the injury, Plaintiff was given an x-ray that confirmed his shattered knee cap.  On November 2, 2008, Plaintiff was admitted to the hospital for knee repair.  Plaintiff alleges he suffered intense pain for almost two weeks.

Throughout the month of November, Plaintiff wrote numerous kites and made countless requests for his knee to be evaluated due to the intense, chronic, and ongoing pain, yet he was not seen for rehabilitation or pain.

On December 4, 2008, Plaintiff was transported to Butte for a second knee surgery.  From January 15, 2009 to March 13, 2009, Plaintiff wrote numerous "kites" specifically requesting physical therapy as needed and per his surgeon's mandates but his requests were unanswered.  On March 13, 2009, Plaintiff requested a different primary care giver but was refused.  In April, 2009, Plaintiff suffered another insulin reaction.

D.  Allegations

Plaintiff alleges Dr. Kohut denied Plaintiff the opportunity to take his insulin in smaller amounts and more frequently than twice a

day as his condition mandates.  He contends Dr. Kohut failure to adequately respond to Plaintiff's diabetic needs resulted in very harmful and painful insulin reactions which can be lethal.

Plaintiff alleges John Doe 1 was responsible for the placement of inmates according to their medical needs into the correct housing blocks.  He contends John Does 2-4 were shift supervisors who worked in Close Unit II and knew of Plaintiff's medical problems from screening his "kites" as per their job description and had knowledge from supervising Plaintiff in the housing unit.  He states these Defendants were knowledgeable of Plaintiff's medical condition and had the power to move Plaintiff to a lower level or ground level and did not do so as per job duties and exhibited deliberate indifference to Plaintiff's serious medical needs and/or the excessive risk to Plaintiff's health and safety.

II.  ANALYSIS

Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."

Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." McGuckin, 974 F.2d at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Plaintiff alleges Dr. Kohut refused to give him his insulin in smaller more frequent doses. He alleges the overpowering reason for doing so was to save money. He states as a result of infrequent dosages

he suffered from ongoing insulin reactions which caused prolonged and needless pain and resulted in permanent injury.

The Court has considered whether Plaintiff's allegations regarding his diabetic medications are frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune. See 28 U.S.C. §§ 1915(e)(2), 1915A(b). In doing so at this stage, the Court takes Plaintiff at his work, unlikely or not. It has also considered whether Plaintiff has a reasonable opportunity to prevail on the merits, if everything Plaintiff asserts can actually be proven. See 42 U.S.C. § 1997e(g). The Court concludes dismissal of this claim is not appropriate at this time. Defendants must make an appearance on this claim.

The same cannot be said of Plaintiff's allegations regarding his knee injury which still do not rise to the level of deliberate indifference. As set forth in the Court's prior Order, Plaintiff injured his knee on October 23, 2008, he was seen by Dr. Kohut on October 28, 2008, he had an x-ray on October 31, 2009, and had his first surgery on November 2, 2008. Having surgery for a knee injury in a little over a

week after the injury, without more, is not deliberate indifference.

Similarly, the mere fact Plaintiff was not seen during the month of November regarding his knee does not establish deliberate indifference. Plaintiff was seen on December 1, 2008 and was transported for his second surgery on December 4, 2008. Two surgeries for a knee injury in a little over a month does not establish deliberate indifference.

Plaintiff also contends there has been a lack of physical therapy which was prescribed by his physicians but, as pointed out in the Court's prior Order, he has not alleged harm caused by the lack of physical therapy.

Finally, Plaintiff's allegations against the John Doe Defendants also fail to state a claim. Plaintiff alleges these Defendants knew about his medical needs and failed to move him to a lower level. He alleges Defendants exhibited deliberate indifference to his serious medical needs. These conclusory allegations do not state a plausible claim for relief.

Based on the foregoing, the Court issues the following:

ORDER

1. Defendant Kohut will be required to respond to Plaintiff's allegations regarding his medication dosages for his diabetes. Pursuant to Fed.R.Civ.P. 4(d), the Court will request Defendant Kohut to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within thirty (30) days of the entry date reflected on the Notice of Electronic Filing. If Defendant Kohut chooses to return the Waiver of Service of Summons, his answer or appropriate motion will be due within 60 days after the entry date of this Order as reflected on the Notice of Electronic Filing, pursuant to Fed.R.Civ.P. 12(a)(1)(B). See 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits,"

Defendants are required to respond). Defendant Kohut is not required to respond to any other claims raised in Plaintiff's Amended Complaint.

    2. The Clerk of Court shall forward the documents listed below

to:    Legal Counsel for the
Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

*    Plaintiff's Complaint (Court Doc. 1);

*    the Court's Order of November 9, 2009 (Court Doc. 3);

*    Plaintiff's Amended Complaint (Court Doc. 6);

*    this Order,

*    a Notice of Lawsuit & Request to Waive Service of Summons; and

*    a Waiver of Service of Summons

Should counsel determine they do not represent Defendant Kohut in this matter, they should notify the Court's Pro Se Department as soon as possible.

Counsel for Defendants must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. See D. Mont. L.R. 12.2.

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

4. Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

5. Plaintiff <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

6. At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Plaintiff has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to [Fed.R.Civ.P. 41(b)](Fed.R.Civ.P. 41(b)).

Further, the Court issues the following:

## RECOMMENDATIONS

1. Defendants Governor Brian Schweitzer, Montana Department of Corrections, Mike Ferriter, Ted Ward, Myrna Ohmolt-Mason, Laura Janes, Norma Jean Boles, Sherri Townsend, Liz Rantz, Montana State Prison, Mike Mahoney, and John and Jane Does 5-20 should be DISMISSED.

2. Plaintiff's allegations regarding the treatment of his knee,

physical therapy, and his placement in the prison should be DISMISSED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). This is not an appealable order and any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be

filed until entry of the District Court's final judgment.

DATED this 26th day of January, 2010.

    /s/ Keith Strong
Keith Strong
United States Magistrate Judge

NOTICE OF LAWSUIT AND REQUEST FOR
WAIVER OF SERVICE OF SUMMONS

TO:  Legal Counsel for the
Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

A lawsuit has been commenced by a pro se plaintiff against Dr. Kohut.  A copy the Complaint and Amended Complaint are attached to this notice.  They have been filed in the United States District Court for the District of Montana, Civil Action No. CV-09-29-H-DWM-RKS.  The Court has completed its pre-screening and concludes Defendant must file a responsive pleading.  See 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and return the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service.  The cost of service will be avoided if you return the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the "Order to Serve Complaint by Requesting Waiver of Service of Summons," which was served with this Notice.

If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served.  The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service on behalf of Defendants, please indicate this on the Waiver of Service of Summons form.  The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendants and may impose the full costs of such service.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge

WAIVER OF SERVICE OF SUMMONS

TO:   The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request that they waive service of summons in the following action: Brown v. Kohut, Civil Action No. CV-09-29-H-DWM-RKS filed in the United States District Court for the District of Montana. Defendants have also received a copy of the Complaint and Amended Complaint. I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;
_____; _____;
_____; _____;

The above-named defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons. I understand judgments may be entered against the above-named defendants if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

I decline to waive service on behalf of the following defendants:

_____; _____;
_____; _____;
_____; _____;

_____      _____
DATE                                SIGNATURE

_____
PRINTED/TYPED NAME

_____

_____
ADDRESS