IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| BRENT BROWN,<br><br>                    Plaintiff,<br><br>          vs.<br><br>DR. TRISTAN KOHUT,<br><br>                    Defendant. | Cause No. CV 09-00029-H-DWM-RKS<br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO GRANT DEFENDANT'S MOTION TO DISMISS |

Pending is Defendant Dr. Tristan Kohut's Motion to Dismiss based upon Plaintiff's failure to exhaust his administrative remedies. (Court Doc. 12). The Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331.

For the reasons stated below, Plaintiff failed to properly exhaust his administrative remedies and therefore Defendant's motion should be granted.

## I. STANDARD

Defendant filed his Motion to Dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, requesting the Court dismiss this

matter based upon Plaintiff's failure to exhaust his administrative remedies.  A motion to dismiss based on a prisoner's failure to exhaust administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b).  *See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003)*.  "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact."  *Wyatt, 315 F.3d at 1119-20*.  Where the court looks beyond the pleadings to a factual record in deciding the motion to dismiss, which is "a procedure closely analogous to summary judgment," the court must assure that the plaintiff has fair notice of his opportunity to develop a record.  *Wyatt, 315 F.3d at 1120 n. 14* (referencing the notice requirements outlined in *Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998)* (en banc), and *Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988)*.  Defendant served a Notice and Warning to a Pro Se Prisoner upon Plaintiff with the filing of the Motion to Dismiss.  (Court Doc. 15).

Defendant bears the burden of establishing that the plaintiff failed to exhaust administrative remedies prior to filing suit.  *See*

*Wyatt*, 315 F.3d at 1120.  If the court concludes that administrative remedies have not been exhausted, the unexhausted claims should be dismissed without prejudice.  *Wyatt*, 315 F.3d at 1120; *see also Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

In civil rights cases and in the context of a dispositive motion where a litigant is proceeding pro se, the court has an obligation to construe pro se documents liberally and to afford the pro se litigant the benefit of any doubt.  *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct 2197, 2200 (2007) (per curiam); *Baker v. McNeil Island Corrections Ctr.*, 859 F.2d 124, 127 (9th Cir. 1988).

Here, Plaintiff did not file a response to Defendant's Motion. Local Rule 7.1(d)(1)(B) provides that a failure to file a response brief may be deemed an admission the motion is well-taken.  However, "[a] district court may not grant a motion for summary judgment simply because the nonmoving party does not file opposing material, even if the failure to oppose violates a local rule.  However, when the local rule does not require, but merely permits the court to grant a motion for summary judgment, the district court has discretion to determine whether

noncompliance should be deemed consent to the motion." *Brydges v. Lewis*, 18 F.3d 651, 652 (9th Cir. 1994)(per curiam)(internal citations omitted).

Given that Plaintiff is a pro se litigant, Plaintiff's failure to respond will not be deemed consent to the motion and Defendant's Motion will be reviewed to determine whether dismissal is appropriate.

## II.  PLAINTIFF'S ALLEGATIONS

In his Amended Complaint, Plaintiff alleged he is diabetic and for almost ten years has been forced to take his insulin only two times a day, instead of smaller doses three to four times a day, which would almost surely eliminate his insulin reactions when coupled with consistent dietary supplements.  He contends, as a result, he suffers ongoing insulin reactions.

Plaintiff alleged Dr. Kohut denied him the opportunity to take his insulin in smaller amounts and more frequently as his condition mandates.  He contended Dr. Kohut's failure to adequately respond to Plaintiff's diabetic needs resulted in very harmful and painful insulin reactions which can be lethal.

## III.  ANALYSIS

Defendant moves to dismiss Plaintiff's claims arguing Plaintiff

failed to properly exhaust his administrative remedies as required by

the Prison Litigation Reform Act ("PLRA").  The PLRA's exhaustion

requirement states that:

> [n]o action shall be brought with respect to prison conditions
> under section 1983 of this title, or any other Federal law, by
> a prisoner confined in any jail, prison, or other correctional
> facility until such administrative remedies as are available
> are exhausted.

42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524-25,

122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731,

741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).  This exhaustion

requirement is mandatory.  *Booth*, 532 U.S. at 741.

The PLRA is applicable in this case and therefore Plaintiff must

have exhausted all available administrative remedies prior to filing this

lawsuit.

The applicable administrative grievance procedure is set forth in

Montana Department of Corrections Policy No. 3.3.3.  (Court Doc. 13-7).

This policy provides the procedure for inmates to use to redress any

complaints or grievances they may have.  (Court Doc. 13-7:  MSP Policy 3.3.3).  The procedure provides inmates with four levels at which they may resolve a complaint.  Step one involves submitting an informal resolution form within five days of the event at issue.  (Court Doc. 13-7: Policy 3.3.3, Section III(E)).  If the inmate is not satisfied with the response to the informal grievance and wishes to exhaust administrative remedies, the inmate must file a formal grievance, which is responded to by the prison grievance coordinator.  (Court Doc. 13-7:  Policy 3.3.3, ¶ III(E)(4) & (F)).  The grievance procedure then provides for appeals at two levels, first to the warden and then to the director of the Department of Corrections.  (Court Doc. 13-7:  Policy 3.3.3, ¶ III(I)(a) and K)).

Defendant presented evidence that between August 24, 2006, and April 28, 2009, Plaintiff submitted three inmate/offender grievance forms:  Nos. 8-06-30; 11-06-78, and 4-09-117.  On August 24, 2006, Plaintiff filed Grievance No. 8-06-30, complaining of disciplinary actions taken against him.  The grievance was denied and Plaintiff appealed the grievance to the Warden level.  The warden level appeal was denied

and Plaintiff did not appeal to the Director of the Department of Corrections.  (Court Doc. 13-4, pp. 1-6).

On November 21, 2006, Plaintiff filed Grievance No. 11-0678, claiming that he was not called to the infirmary for an insulin shot. This grievance was denied and Plaintiff did not appeal it further.  (Court Doc. 13-5, pp.  1-3).

On April 27, 2009, Plaintiff filed Grievance No. 4-09-117, requesting proper administration of insulin and claiming he was having insulin reactions.  The grievance was not processed because Plaintiff did not submit an informal resolution prior to the formal grievance. Grievance Coordinator, Billie Reich, advised Plaintiff of the requirement to file an informal resolution and copied the grievance to the infirmary so infirmary staff would be aware of Plaintiff's request. (Court Doc. 13-6).  Plaintiff did not appeal from the grievance coordinator's decision, nor did he submit a request for an informal resolution form.  (Court Doc. 13-1:  Reich Affidavit, p. 2, ¶ 8).

Defendant argues these grievances were insufficient to properly exhaust Plaintiff's claims.  Exhaustion must be "proper," meaning a

grievant must correctly use all steps the agency sets forth to allow the prison a chance to reach the merits of the issue in an effective manner. *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). A prisoner must file timely and otherwise procedurally non-defective administrative grievances or appeals to constitute "proper" exhaustion. *Woodford*, 548 U.S. at 83. Prisoners need comply only with the prison's own grievance procedures to properly exhaust under the PLRA. *Jones v. Bock*, 549 U.S. 199, 218, 127 S.Ct. 910 (2007).

Defendant has presented sufficient evidence to establish that Plaintiff failed to properly exhaust his administrative remedies prior to filing this lawsuit. 42 U.S.C. § 1997e(a) requires dismissal when a plaintiff does not exhaust administrative remedies prior to filing a lawsuit. *McKinney v. Carey*, 311 F.3d 1198, 1198 (9th Cir. 2002). There being no rebuttal from Plaintiff, the Court issues the following:

## RECOMMENDATIONS

1. Defendant's Motion to Dismiss (Court Doc. 12) should be **GRANTED** and this matter **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies prior to filing suit.

2.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  It is sufficiently clear that Plaintiff's failure to exhaust him administrative remedies demands dismissal and no reasonable person could suppose an appeal would have merit.

3.  The Clerk of Court should be directed to enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written

FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO GRANT DEFENDANT'S MOTION TO DISMISS - CV-09-00029-H-DWM-RKS / PAGE 9

objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This Order is not appealable and any notice of appeal pursuant to Fed.R.Civ.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 30th day of March, 2010.


*/s/ Keith Strong*
Keith Strong
United States Magistrate Judge